UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMILE TRIBBLETT,

    Plaintiff,                                     No. 18-11796

v.                                                  District Judge Linda V. Parker
                                                        Magistrate Judge R. Steven Whalen

CITY OF JACKSON, ET AL.,

    Defendants.
_____/

**OPINION AND ORDER**

On June 6, 2019, I conducted a settlement conference, at the conclusion of which the parties reached a settlement that was placed on the record. *See Transcript of Settlement*, ECF No. 31. Defendants have now filed a Motion to Enforce Settlement Agreement [ECF No. 27], stating that "Plaintiff has refused to sign the release that was approved by all counsel of record, thereby depriving Defendants of the benefit of their bargain." ECF No. 27, Page.ID.95-96.

**I.    FACTS**

Following settlement negotiations on June 6, 2019, at which all parties were represented by counsel, the terms of the settlement were placed on the record, and Plaintiff was questioned as to both her understanding and acceptance of the agreement. Plaintiff's counsel stated the terms as follows:

> "MR. TRAINOR:    In lieu of proceeding any further and taking this to trial, Ms. Tribblett has agreed to accept $15,000 as full and final resolution of this matter and can never come back to this Court again on this case."

ECF No. 31, Page.ID.129.[1]  Defense counsel added that "there will be an execution of a full release."  *Id*.

Plaintiff then testified under oath that she understood that she was settling the case for $15,000; that she had the right to forward with a trial at which she might obtain more money, less money, or no money at all; that no one forced her to accept this agreement and that she was satisfied with the settlement amount and with the services of her attorney; that her attorney was entitled to fees and costs out of the settlement amount, and that she would net about $7,929.00; and that she was "okay with that."  When asked by the Court if she had any question, she replied that she did not.  *Transcript*, ECF No. 31, Page.ID.130-132.

The Plaintiff's response to this motion states, "[I]t is Plaintiff's wish to set aside the settlement that she agreed to on June 6, 2019, and Plaintiff's counsel is ethically duty bound to represent her and respect her wishes. Accordingly, and given Plaintiff's wishes, the settlement agreement should be set aside."  ECF No. 28, Page.ID.119.

## II. LEGAL PRINCIPLES

This Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988), that remedy being contained to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement.  *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973).  Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock,* 841 F.2d at 154.  *See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000).

---

[1] The agreement was subject to approval by the Jackson City Council, which in fact approved the settlement.

Once the parties have agreed on settlement, the strengths or weaknesses of their respective litigation positions are beside the point. "Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined." *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 283 (6th Cir. 1986).

"Settlement agreements are a type of contract and are therefore governed by contract law." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992). Therefore, "whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Id*. In Michigan (as in most, if not all American jurisdictions), "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 n. 28, 517 N.W.2d 19 (1994).

As part of its inherent power to enforce a settlement agreement, the Court may require a party to sign releases or other documents reflecting the terms of the settlement. *Jaynes v. Austin*, 20 Fed.App'x 421, 426 (6th Cir. 2001), citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371-72 (6th Cir. 1976).

### III. DISCUSSION

There is no ambiguity in this settlement agreement. The terms are simple and straightforward. The settlement, which was placed on the record and which Plaintiff agreed to under oath, provided for the payment to her of a sum certain, minus costs and attorney fees. It required her to abandon this litigation and sign a release. She was advised of her right to proceed with trial, and that she might receive more money if she did so. She was also advised of the risk that she might receive a lesser amount or no money at all. This unambiguous agreement is a binding contract that will be enforced.

*Brock, supra*; *Kukla, supra*.

For whatever reason, the Plaintiff appears to be suffering from a case of buyer's remorse. Perhaps she is now dissatisfied with the amount and reckons that she could do better. No matter. A settlement agreement should not be set aside merely because one party has a "change of heart." *Metropolitan Life Ins. Co. v. Goolsby*, 165 Mich.App. 126, 128–129, 418 N.W.2d 700 (1987). As the Michigan Court of Appeals observed in *In re Frank M. Lambrecht, Jr.*, 2018 WL 4574750, at *4 (Mich. Ct. App. Sept. 20, 2018):

> "There is always the possibility that questions of fact or law will be answered after a settlement has been executed, and the would-be winning side may have buyer's remorse. Setting aside settlements under these circumstances would discourage settlements and the public policy favoring the finality of judgments."

The Plaintiff has no basis to withdraw from an unambiguous settlement agreement to which she voluntarily agreed in open court, under oath. She must sign the release.

## IV.  CONCLUSION

The Defendants' Motion to Enforce Settlement Agreement [ECF No. 27] is GRANTED. Within 14 days of the date of this Order, Plaintiff will sign the release that was previously approved by counsel. Her failure to do so will result in sanctions, including monetary sanctions.

IT IS SO ORDERED.


Dated: September 30, 2019         s/R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

     I hereby certify on September 30, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants September 30, 2019.

                                              s/Carolyn M. Ciesla
                                              Case Manager for the
                                              Honorable R. Steven Whalen