UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMILLE TRIBBLETT,

      Plaintiff,

No. 18-11796

v.

District Judge Linda V. Parker
Magistrate Judge R. Steven Whalen

CITY OF JACKSON, ET AL.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Although a settlement in this case was placed on the record, and this Court granted Defendants' motion to enforce the settlement, Plaintiff refused to sign a release, and has failed to comply with this Court's order that she do so. Accordingly, I ordered her to show cause why she should not be sanctioned, and in response to the show cause order she filed a letter that is inadequate to excuse her failure to comply with this Court's order. Accordingly, for the reasons discussed below and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend as follows:

(1) That the Court enter an order dismissing Plaintiff's complaint with prejudice;[1]

(2) That pursuant to the settlement agreement, Defendants forward a check for $14,000.00 to Plaintiff's counsel, who will deduct costs and attorney fees, and then forward the balance to Plaintiff;

(3) That Defendants will withhold $1,000.00 from the original settlement amount of $15,000.00, as a sanction against the Plaintiff, and in payment of their reasonable

---

[1] My recommendation for dismissal makes this a dispositive matter, requiring that I proceed under 28 U.S.C. § 636(b)(1)(B).

attorney fees in having to bring post-settlement motions.

## I.   FACTS

This case settled on June 6, 2019. The terms of the settlement, to which Plaintiff agreed, were placed on the record. Those terms included a requirement that Plaintiff execute a full release of all claims. Having second thoughts about whether she was satisfied with the settlement, Plaintiff refused to sign a release. So, Defendants filed a motion to enforce the settlement agreement, stating that "Plaintiff has refused to sign the release that was approved by all counsel of record, thereby depriving Defendants of the benefit of their bargain." ECF No. 27, Page.ID.95-96.

On September 30, 2019, I granted Defendant's motion to enforce the agreement in a Memorandum Opinion and Order [ECF No. 33], in which I held, "Plaintiff will sign the release that was previously approved by counsel. Her failure to so will result in sanctions, including monetary sanctions." ECF No. 33, PageID.142.

Plaintiff did not do as I ordered, so on December 4, 2019, Defendants filed a motion for order to show cause why Plaintiff's complaint should not be dismissed and that monetary sanctions be assessed against her [ECF No. 35]. I granted the motion, ordering Plaintiff to appear personally on March 29, 2020 [ECF No. 39]. Because of the pandemic and ensuing closure of the courthouse, on March 27, 2020 I issued an amended order, directing Plaintiff to show cause in writing why she should not be sanctioned for failing to comply with my September 30, 2019 order [ECF No. 41].

On April 2, 2020, Plaintiff filed a letter [ECF No. 43], which I construe as her response to the show cause order. In her letter, Plaintiff expresses her desire to take her case to trial in order to expose misconduct by the Jackson, Michigan police, and characterizes the $15,000 settlement as "hush money" to cover up that misconduct. ECF

No. 43, PageID.182.

## II. LEGAL PRINCIPLES

This Court has the inherent authority to impose sanctions as necessary "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). That authority includes the power to punish for " 'disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.' " *Id*. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (citations omitted)); *see also J&J Sports Prods., Inc. v. Brad's, Inc*., 2018 WL 4523124, at *4 (E.D. Mich. June 26, 2018), report and recommendation adopted, 2018 WL 3803754 (E.D. Mich. Aug. 9, 2018) ("[T]his Court also has the inherent authority to sanction litigants who disobey judicial orders")(citing *Chambers*).

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Therefore, courts must exercise discretion in "fashion[ing] an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44-45. "Egregious misconduct may warrant the extreme sanction of total dismissal, but for lesser wrongdoing a court may assess attorney's fees and costs." *Priority One Servs., Inc. v. W&T Travel Servs., LLC*, 987 F. Supp. 2d 1, 4 (D.D.C. 2013).

The question of sanctions is addressed to the Court's discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Dell, Inc. v. Advicon Computer Services, Inc.*, 2008 WL 2157047, 5 (E.D. Mich.) (Lawson, J).

## III. DISCUSSION

In my Opinion and Order granting Defendants' motion to enforce the settlement agreement, I found as follows:

> "There is no ambiguity in this settlement agreement.  The terms are simple and straightforward.  The settlement, which was placed on the record and which Plaintiff agreed to under oath, provided for the payment to her of a sum certain, minus costs and attorney fees.  It required her to abandon this litigation and sign a release.  She was advised of her right to proceed with trial, and that she might receive more money if she did so. She was also advised of the risk that she might receive a lesser amount or no money at all.  This unambiguous agreement is a binding contract that will be enforced."  ECF No. 33, PageID.141.

I then concluded:

> "The Defendants' Motion to Enforce Settlement Agreement [ECF No. 27] is GRANTED.  Within 14 days of the date of this Order, Plaintiff will sign the release that was previously approved by counsel.  Her failure to do so will result in sanctions, including monetary sanctions." *Id*., PageID.142.

Plaintiff has refused to comply with the terms of the settlement agreement, as well as my clear order that she sign the release. As I indicated in my Opinion and Order, it does not matter that she has had a change of heart or that she has "buyer's remorse." Her defiance of my order is willful, and deserving of sanctions.

What sanction is most appropriate? I could recommend that the Court find Plaintiff in civil contempt, including a requirement that she pay a monetary penalty for each day that she refuses to sign the release. Or I could recommend that she be jailed until she signs the release. Or I could recommend that she forfeit the entire amount of the settlement. However, because the Court's inherent power to sanction must be exercised with some restraint, I believe that those sanctions would be disproportionately harsh. Why use an atomic bomb to kill an ant?

Instead, the more appropriate solution would be for the Court to enforce the settlement agreement, effectuate the express intent of the parties, and give the Defendants the benefit of their bargain, which is dismissal of the Plaintiff's complaint with prejudice. A monetary sanction against the Plaintiff is also proper, and in this case it is appropriate that she pay the Defendants' reasonable attorney fees in having to bring these post-

settlement motions. I find that $1,000.00 is a reasonable amount, and to expedite payment, Defendants may withhold $1,000.00 from the original $15,000.00 settlement amount.

### IV.   CONCLUSION

I recommend as follows:

(1) That the Court enter an order dismissing Plaintiff's complaint with prejudice;

(2) That pursuant to the settlement agreement, Defendants forward a check for $14,000.00 to Plaintiff's counsel, who will deduct costs and attorney fees, and then forward the balance to Plaintiff;

(3) That Defendants will withhold $1,000.00 from the original settlement amount of $15,000.00, as a sanction against the Plaintiff, and in payment of their reasonable attorney fees in having to bring post-settlement motions.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. Steven Whalen<br>
United States Magistrate Judge

Dated: February 10, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 10, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager